PbabsoN, J.
 

 In May 1843, Pool conveyed the slave to Shannonhouse intrust to pay certain debts. Soon thereafter, Shannon sold the slave, at public auction, to Proc-to”, who paid for her by putting his note in bank for the price $C25,in satisfaction of a debt secured by the trust, Pool continued in possession and made sundry payments upon Proctor’s note in bank, so as to reduce it to about •$100. In November 1817, Proctor, upon the payment of the $100 by Griffin, conveyed the slave to him. In December 1848, a judgment was taken againt Pool, and the slave was levied upon as his properly, and sold by the sheriff to the defendant, in February 1H19.
 

 The Court was of opinion that the plaintiff was entitled to recover. We concur in the opinion. The deed
 
 *442
 
 of trust, which
 
 is admitted to have been bona fide,
 
 passed the title out of Pool, and the sale by Shannonhouse passed it to Proctor, who passed it to Grifl'in, the plaintiff.
 

 Admit that Proctor took the legal title in trust for Pool, after the payment to himself of $ R25. Admit that, under this arrangement, Pool reduced the debt to $>100, and then Proctor, upon the payment of that sum by the plaintiff, conveyed to him and that he took the title to secure the $100, and then in trust for Pool. The latter had no such interest as was liable to execution,
 
 Gowing
 
 v.
 
 Rich,
 
 1 Ire. 553, Nor does the fact, that Pool continued in possession during all the time, make it a fraud under the statute of Elizabeth. That statute never applies, except when the original transfer by the debtor is fraudulent, so that, by treating it as void against creditors, the title will still be in him. Suppose, on account of the benefit intended for Pool, the deeds to Griffin and Proctor are both treated as void. The title is in Shannonhouse, who is admitted to have acquired it withont fraud, and Pool has only such an interest as can be reached in Equity.
 

 The question of estoppel does not arise. The defendant was not a party, or privy to either of the parties, in the deed by Proctor to the plaintiff, in which there is a recital of a deed by Proctor to one Ehringhaus or in the deed referred to in the recital. Estoppels mustbc mutual, and bind only parties and privies. One who is not bound by an estoppel cannot take advantage of it.
 

 Per Curiam. Judgment affirmed,